**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OBAMA FOR AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>DEMSTORE.COM and WASHINGTON PROMOTIONS & PRINTING, INC.,<br><br>    Defendants. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff OBAMA FOR AMERICA ("OFA") states the following for its complaint against Defendants Demstore.com ("Demstore") and Washington Promotions & Printing, Inc. ("Washington Promotions") (collectively "Defendants"):

## SUBSTANCE OF THE ACTION

1. OFA was the principal campaign committee of Barack Obama in 2008 and is currently the principal campaign committee of President Barack Obama as he seeks re-election in 2012 ( the "Campaign,"). As part of its campaign efforts, OFA has designed logos, including the distinctive and famous Rising Sun and 2012 Rising Sun logos, which are and have been used to symbolize OFA on campaign signs, posters, merchandise, and a variety of other promotional items. These logos, depicted below, are recognized around the world and are closely associated with the Campaign.

  

2. OFA is the owner of federal trademark Registration No. 3,541,038 for the Rising Sun logo, and federal trademark application No. 85/302,710 for the 2012 logo incorporating the Rising Sun design (collectively the "Rising Sun Trademarks").

3. In an effort to trade on the enormous popularity of the Rising Sun logos and Trademarks, Defendants operate a website, Demstore.com, at which merchandise bearing the Rising Sun logos and Trademarks is sold or offered for sale in an unauthorized manner. In so doing, Defendants are willfully violating OFA's intellectual property rights in a deliberate effort to trade on OFA's hard-earned reputation and goodwill. Defendants' are thus creating consumer confusion, competing unfairly with OFA, and infringing OFA's trademark rights.

4. OFA therefore brings this action for trademark infringement under Section 32(1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; and common law unfair competition. OFA seeks preliminary and permanent injunctive relief; an accounting and award of Defendants' profits; compensatory, treble, and/or statutory damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and under 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

6. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is within this District, Defendants have imported, distributed, offered

for sale, sold, or shipped merchandise to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c), because a substantial part of the acts or omissions giving rise to OFA's claims occurred in this District, and Defendants have sufficient connection with the District of the District of Columbia to make venue proper in this District.

## PARTIES

8.      Plaintiff Obama For America is an Illinois non-profit corporation with a principal place of business at One Prudential Plaza, 130 East Randolph St., Chicago, Illinois 60601.

9.      Upon information and belief, Defendant Demstore.com is a Washington, D.C. entity with a principal place of business at 3402 Connecticut Avenue NW, #2, Washington, D.C., 20008.  Defendant Demstore operates a website located at www.demstore.com.

10.     Defendant Washington Promotions & Printing, Inc. is a Maryland corporation with a principal place of business at 3402 Connecticut Avenue NW, #2, Washington, D.C., 20008.

11.     Upon information and belief, Defendant Washington Promotions & Printing is the parent company of Demstore.com.

## FACTS SUPPORTING OFA'S REQUESTED RELIEF

12.     As part of its campaign operations and management, OFA has designed, marketed, and sold, and designs, markets, and sells, a broad range of products using the Rising Sun Trademarks.  Among the products OFA currently offers using the Rising Sun Trademarks are clothing, signs, posters, buttons, and other merchandise related to the Obama reelection

campaign. Controlling the message associated with the Rising Sun Trademarks is of vital importance to OFA.

13. OFA has been using the 2008 Rising Sun Trademark since 2007, and the 2012 Rising Sun Trademark since 2011.

14. OFA sells its campaign merchandise on its website, www.barackobama.com.

15. OFA's campaign merchandise and other campaign materials prominently feature the Rising Sun Trademarks.

16. OFA has spent significant sums promoting its merchandise bearing the Rising Sun Trademarks, and the popularity of the Rising Sun Trademarks has contributed greatly to OFA's branding and fundraising efforts.

17. OFA relies entirely on contributions from supporters to run its operations. These contributions are subject to legal restrictions on both the source of income and the amount that each donor can give. For example, OFA cannot receive any contributions from incorporated entities, and contributions from individuals are limited to $2,500 per election from a single individual during the 2012 cycle. The purchase price of any item of OFA merchandise is treated as a contribution, subject to these limits. Thus, the sale of merchandise featuring the Rising Sun Trademarks makes up a significant portion of OFA's revenue.

18. The sale of Campaign merchandise is crucial to OFA's efforts to interact with voters, because each time a supporter makes a relatively small purchase on the website, OFA obtains that individual's contact information, which OFA can then use to reach out to that individual repeatedly to seek further donations and further opportunities to promote the Campaign.

19. OFA's campaign strategy relies largely on promoting a certain message, and consequently OFA emphasizes the authenticity of merchandise bearing the Rising Sun Trademarks and exercises strict control over the consumers' experience on its website and at other marketplaces where supporters can purchase authorized OFA merchandise.

## THE RISING SUN TRADEMARKS

20. Due to OFA's long and continuous use of the Rising Sun Trademarks in connection with its merchandise, the Rising Sun Trademarks are widely recognized by the public as indicators of the source of OFA's merchandise.

21. As a result of OFA's extensive use of its Rising Sun Trademarks, OFA has built and now owns enormously valuable goodwill symbolized by the Rising Sun Trademarks.

22. OFA has developed common law rights in the Rising Sun Trademarks through its extensive use thereof. OFA has also secured a federal trademark registration and filed a pending trademark application to protect the Rising Sun Trademarks.

23. OFA owns federal trademark Registration No. 3,541,038 issued by the U.S. Patent and Trademark Office on December 2, 2008, for the Rising Sun logo. OFA is the owner of federal trademark application No. 85/302,710 for the 2012 logo incorporating the Rising Sun logo, filed in the U.S. Patent and Trademark Office on April 22, 2011. True and correct copies of the registration and application are attached as Exhibit A. These trademarks are referred to collectively as the Rising Sun Trademarks.

24. All of the foregoing registrations and pending applications are valid, subsisting, and in full force and effect.

## DEFENDANTS' UNLAWFUL ACTIVITIES

25. Upon information and belief, since 2004, Defendants have operated their website located at www.demstore.com, at which they now sell election and campaign merchandise bearing the Rising Sun Trademarks.

26. In or about June 2007, OFA became aware that Defendants were operating the Demstore website at which they were selling, and still sell, merchandise bearing the 2008 Rising Sun Trademark.

27. In or about April 2011, OFA became aware that Defendants were selling merchandise bearing the 2012 Rising Sun Trademark, and were continuing to sell merchandise bearing the 2008 Rising Sun Trademark. Defendants are not authorized, and never have been authorized, by OFA to use any of the Rising Sun Trademarks.

28. Defendants' use of the Rising Sun Trademarks on campaign merchandise is likely to create confusion as to the source of merchandise bearing the Rising Sun Trademarks. Consumers are likely to believe that Defendants' Demstore.com website and products are associated with OFA, when in fact they are not. Such confusion is likely to damage OFA's ability to interact with potential supporters and gain revenue through the sale of merchandise bearing the Rising Sun Trademarks and, consequently, greatly reduce OFA's ability to perform its fundraising and campaign functions.

29. On or around April 22, 2011, counsel for OFA sent a demand letter to Defendants, requesting *inter alia* that they "immediately cease and desist from any further commercial use of the Rising Sun Trademarks in connection with advertising, promotion, offer or sale of any goods or services."

30. After communicating by telephone and email with representatives and counsel for Demstore, OFA sent a follow up demand letter to Defendants, renewing OFA's cease and desist request, on or around July 29, 2011. True and correct copies of these letters are attached as Exhibit B.

31. To date, Defendants have not complied with or indicated a willingness to comply with OFA's demand letters. Defendants continue to promote, distribute, offer for sale, and sell merchandise bearing the Rising Sun Trademarks even after they were put on actual notice, and consequently, continue to engage in trademark infringement and unfair competition.

32. Upon information and belief, Defendants are using the Rising Sun Trademarks on merchandise in a deliberate and willful attempt to draw on the goodwill and commercial magnetism of the Rising Sun Trademarks and the Obama Campaigns.

33. Defendants' aforesaid conduct is causing immediate and irreparable injury to OFA and to its goodwill, reputation, and ability to perform fundraising functions, and will continue both to damage OFA and to deceive the public unless enjoined by this Court. OFA has no adequate remedy at law.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

34. OFA repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

35. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods that bear the 2008 Rising Sun Trademark is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods. As a result of Defendants' unauthorized use of trademarks that are identical to and/or confusingly

similar to OFA's federally registered mark, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with OFA. Consequently, OFA's ability to gain revenue through the sale of merchandise bearing the 2008 Rising Sun Trademark is limited.

36. Defendants' unauthorized use of the 2008 Rising Sun Trademark falsely represents Defendants' website and products as emanating from or being authorized by OFA and places beyond OFA's control the quality of products bearing the 2008 Rising Sun Trademark, and the overall message associated with the 2008 Rising Sun Trademark and products bearing the 2008 Rising Sun Trademark.

37. Defendants' infringement of OFA's trademark is willful, intended to reap the benefit of the goodwill of OFA, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. As a result of Defendants' wrongful conduct, OFA has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a) OFA is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

39. In addition, because Defendants' infringement of OFA's trademark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, OFA is entitled to statutory damages for each counterfeit mark, under 15 U.S.C. § 1117(c).

40. OFA is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). OFA has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) OFA's trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to OFA such that OFA could not be made

whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to OFA, is continuing.

41. OFA is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants, and to trebled damages, because Defendants' violations consist of the use of counterfeit trademarks pursuant to 15 U.S.C. § 1116(d).

42. OFA is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

43. OFA repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

44. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Rising Sun Trademarks constitute false designations of origin and false descriptions or representations that Defendants' website and retail products originate from or are authorized by OFA, when in fact they are not. Such conduct limits OFA's ability to interact with potential supporters and gain contributions through the sale of merchandise bearing the Rising Sun Trademarks.

45. As a result of Defendants' unauthorized use of the Rising Sun Trademarks and/or marks that are confusingly similar to the Rising Sun Trademarks, the public is likely to be misled

and confused as to the source, sponsorship, or affiliation of Defendants' website and retail products.

46. Defendants' conduct is willful, intended to reap the benefit of OFA's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

48. As a result of Defendants' wrongful conduct, OFA has suffered and will continue to suffer damages. OFA is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants. OFA has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) OFA's trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to OFA such that OFA could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to OFA, is continuing.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

49. OFA repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

50. OFA has common law rights in the Rising Sun Trademarks based on its continuous use of the Rising Sun Trademarks in the District of Columbia in connection with the Campaigns and merchandise it sells and distributes in support of the Campaign.

51. Defendants' unauthorized use of OFA's Rising Sun Trademarks to promote, advertise, market, and/or sell their goods is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or affiliation with OFA, or permission from OFA, that does not exist, causing irreparable harm to OFA for which there is no adequate remedy at law. Defendants' conduct thus constitutes common law trademark infringement.

52. Despite their actual and constructive knowledge of OFA's ownership and prior use of the Rising Sun Trademarks, Defendants have continued to use the Rising Sun Trademarks without OFA's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by OFA in their Rising Sun Trademarks.

53. OFA has sustained injury, damage, and loss based on Defendants' actions.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

54. OFA repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

55. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Rising Sun Trademarks constitute false designations of origin and false descriptions or representations that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with OFA, when in fact they are not. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by OFA.

56. Defendants' unauthorized use of the Rising Sun Trademarks falsely represents that Defendants' goods emanate from or are authorized by OFA and places beyond OFA's control the quality of such products, and the message that is associated with such products.

57. Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with the Rising Sun Trademarks, has caused and continues to cause damage and injury to OFA, and constitutes common law unfair competition.

**WHEREFORE**, OFA respectfully requests judgment against Defendants as follows:

1. That a preliminary and permanent injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

   a) using the Rising Sun and 2012 Rising Sun Trademark, or any other trademarks that are confusingly similar to the Rising Sun Trademarks, for retail products, or making any other unlawful use of the Rising Sun Trademarks or any other trademarks owned by OFA;

   b) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants is in any manner associated or connected with OFA, or is licensed, sponsored, approved, or authorized by OFA;

    c) engaging in any other activity constituting unfair competition with OFA, or constituting infringement of the Rising Sun Trademarks;

    d) taking any action, including the unauthorized use of the Rising Sun Trademarks, that dilutes the unique association between the Rising Sun Trademarks and OFA, or that tarnishes the reputation or image of OFA;

    e) disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Rising Sun Trademarks, or any mark or designation that is confusingly similar to any of the Rising Sun Trademarks;

    f) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of OFA's trademarks, including the Rising Sun Trademarks.

3. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), arising out of Defendants' acts of willful trademark infringement.

4. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1116(d), arising out of Defendants' use of counterfeit trademarks.

5. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition.

6. Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

7. Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

8. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods offered, advertised, or promoted by or on behalf of Defendants are authorized by OFA or related in any way to OFA's products or services.

10. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

11. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: June 1, 2012

By:   /s/ Barry J. Reingold

Barry J. Reingold (D.C. Bar No. 942086)
Elisabeth C. Frost (*pro hac vice pending*)
PERKINS COIE LLP
700 Thirteenth Street N.W.


Washington, D.C. 2005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
E-mail: BReingold@perkinscoie.com

William C. Rava (*pro hac vice pending*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 339-9000
E-mail: WRava@perkinscoie.com

Jeremy L. Buxbaum (*pro hac vice pending*)
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
E-mail: JBuxbaum@perkinscoie.com

Attorneys for Plaintiff Obama for America